UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DECARLO A. GARNER, JR., )
 )
  Plaintiff, )
 )
v. )  No. 3:25-CV-508-CEA-DCP
 )
THE FEDERAL GOVERNMENT, *et al.*, )
 )
  Defendants. )
 )

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [Doc. 1] and his Complaint [Doc. 2]. For the reasons more fully stated below, the Court **HOLDS IN ABEYANCE** Plaintiff's Application [**Doc. 1**].

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915.[1] To accomplish this end, the Court must evaluate the litigant's indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

---

[1] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. The district court, however, must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts also have a continuing duty to ensure that jurisdiction exists to hear the case. *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A.      Summary of the Complaint

Plaintiff generally names the "Federal Government" and later names "Federal Officers of the Eastern District of Tennessee 6 (unknown)" [Doc. 2 p. 3]. His Complaint consists of eleven pages [*See* Doc. 2]. The Complaint appears to set forth a variety of individual claims against different parties that are based on separate events with no common tie. Plaintiff first claims that "[t]here was [a] federal security guard who on Sept[.] 15 . . . violated my privacy of information act[] [b]y asking question[]s that violates my rights to privacy on 17th and 18th of September by turning my phone back[] on after I turned it off" [*Id.* at 4].

2

Next, he alleges that on several dates after mailing documents or packages, he "never received an email stating that [his] packages [were] delivered by Fed[E]x Shipping Center" [*Id.* at 6]. He asked a clerk for "a grievance document" and later a "breach of contract motion" but was told that the clerk's office did not have those documents [*Id.*]. Plaintiff further claims that on August 15, he mailed documents to the Department of Justice, but he never received notification by FedEx that it delivered his documents [*Id.* at 6]. He states that he "will be suing for mail fraud and mail theft as well [as] c[yb]er crimes" [*Id.* at 7].

Lastly, Plaintiff alleges that he "called and left messages about housing voucher[s] and other program[s]" offered by the Knoxville's Community Development Corporation ("KCDC"), noting that "the office displayed discrimination towards [him] when [he] went to both offices back [on] August 6, 7 and Oct[.] 13ᵗʰ" and that "[Michael] Hodges . . . acted racist and prejudice towards [him] when [he] asked about [his] application for Section 8 Housing voucher" [*Id.* at 8–10].[2]

Plaintiff states that he seeks "disciplinary action for the federal officer[] that violated [his] right[]s to privacy;" that he "will be suing for mail fraud and mail theft as well [as] [cybercrimes] going into [his] computer and changing [information] without [his] consent;" and that he [will be filing [a] lawsuit for discrimination and communication theft as well as bigotry" [*Id.* at 5, 7 9].

### B. Analysis

There are several deficiencies in the Complaint. As an initial matter, the undersigned notes that Plaintiff's Complaint violates Rule 20 of the Federal Rules of Civil Procedure, the rule governing joinder of defendants in federal litigation, which provides, in part, that:

---

[2]    While Plaintiff does not specifically name FedEx or KCDC as defendants, he includes two addresses for FedEx office as well as an address for KCDC at the end of his Complaint [Doc. 2 p. 11].

Person[s] ... may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

A review of the Complaint reveals that Plaintiff alleges distinct acts committed by unrelated parties at different times and places. The undersigned cannot discern any single, coherent connection between these various claims that would tie them together in any way. Without some further articulation of a unifying thread connecting these claims, the joinder of them in a single lawsuit is inappropriate under Rule 20 given the varied proofs and defendants that will be associated with the different claims. While "the requirements of prescribed by Rule 20(a) are to liberally construed in the interest of convenience and judicial economy[,] . . . Rule 20 is not a license to join unrelated claims and defendants in one lawsuit" *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (quoting *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, *4 (D.N.J. 2008)); *see also Brown v. Chambers-Smith*, No. 1:24-CV-690, 2025 WL 1833132, at *3 (S.D. Ohio July 3, 2025) ("[D]iscrete events involving different parties have no bearing on one another and cannot be grounds on which to join parties.").

Second, turning to the focus of Plaintiff's Complaint, which appears to be an alleged violation of privacy by a federal court security officer, there are additional deficiencies. For instance, he does not name the officer himself, but rather, he names the Federal Government as a Defendant [Doc. 2 pp. 1–5]. "[T]o the extent [Plaintiff] sues the United States, his suit [may be] barred by sovereign immunity." *Miller v. Fed. Gov't*, No. 1:13-CV-967, 2013 WL 5329758, at *2

4

(W.D. Mich. Sept. 23, 2013). The Sixth Circuit has provided that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Gao v. Jenifer*, 185 F.3d 548, 544 (6th Cir. 1999) (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 259 (1999); *see Richards v. F.B.I.*, No. 1:12-cv-1027, 2012 WL 5386563, at *2 (W.D. Mich. Nov. 1, 2012) (quoting *Gao* for same). "A waiver of sovereign immunity must be strictly construed in favor of the sovereign." *Richards*, 2012 WL 5386563, at *2 (citing *Gao*, 185 F.3d at 544)). Furthermore, "a waiver of sovereign immunity must also be 'unequivocally expressed' in the statutory text." *Id.* Here, Plaintiff has neither identified a specific governmental entity he is attempting to sue nor a waiver of sovereign immunity for his claim. Further, while he names "6 (unknown)" individuals who he contends are "federal officers of the Eastern [D]istrict of Tennessee" [Doc. 2 p. 3], he includes no allegations of how each officer was personally involved in the activities form the basis of his claim. "A complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights to state a § 1983 claim." *Frazier v. Mich.*, 41 F. App'x 762, 764 (6th Cir. 2002).

Specifically, a claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right, or in a *Bivens*[3] context for actions of a federal officer. 42 U.S.C. § 1983. As the Sixth Circuit has explained, courts analyze "*Bivens* and § 1983 actions under the same legal principals, except for the requirement of federal action under *Bivens* and state action under § 1983." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). "A plaintiff must prove two elements to prevail on either type of claim: (1) that he or

---

[3] "A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials." *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999), *overruled on other grounds, Castellano v. Fragozo*, 352 F.3d 939, 948–49 & n.36 (5th Cir. 2003).

she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Id.* As previously noted, Plaintiff does not identify the employing agency of the court security officer[4] nor does he identify the alleged actions of the six unknown officers that would allow a proper analysis of his claim. Moreover, Plaintiff seeks disciplinary action against the court security officer but cites no supporting authority for that proposition.

Finally, briefly addressing the remaining claims that appear not to be properly joined in one lawsuit as explained above, to the extent Plaintiff is attempting to assert a housing discrimination claim, his general claims of discrimination and bigotry are insufficient to establish a prima facie case of disparate treatment based on race. To demonstrate a plausible federal housing discrimination claim, a plaintiff must "make out a prima facie case by showing '(1) that he or she is a member of a racial minority, (2) that he or she applied for and was qualified to rent or purchase certain property or housing, (3) that he or she was rejected, and (4) that the housing or rental property remained available thereafter.'" *Lindsay v. Yates*, 498 F.3d 434, 438–39 (6th Cir. 2007) (citing *Mencer v. Princeton Square Apts.*, 228 F.3d 631, 634–35 (6th Cir. 2000)).

Further, to the extent Plaintiff seeks to bring any federal criminal charges for mail fraud, mail theft, or cybercrimes under statutes not providing a right to civil relief through the initiation of a private action, his efforts are misplaced. *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x

---

[4] Plaintiff does not identify whether the court security officer is a governmental or private entity employee. *See Buell ex rel. Buell v. Bruiser Ken*, No. 97 CV 1131, 1999 WL 390642, at *4 (E.D.N.Y. Mar. 31, 1999) ("The Special Deputy Marshals, also known as Court Security Officers, are not federal agents themselves, but employees of private security firms who are deputized by the Director of the United States Marshals Service to provide courtroom security for the Federal judiciary and to perform the functions of a Deputy U.S. Marshal." (*citing* 28 C.F.R. § 0.112)).

6

307, 308–09 (6th Cir. 2004) ("[A] private citizen . . . has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts.").

Although the Plaintiff is proceeding pro se, he is not excused from complying with the Federal Rules of Civil Procedure. *See Buckner v. Hilton Glob.,* No. 3:24-CV-375 2025 WL 890175, at *13 (W.D. Ky. Mar. 21, 2025), *aff'd sub nom. Buckner v. Hilton Worldwide Holdings Inc.*, No. 25-5354, 2025 WL 4693129 (6th Cir. Oct. 28, 2025) ("The fact that [a] civil action is pursued *pro se* does not relieve [a] party from compliance with the Federal Rules of Civil Procedure."); *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999) (finding that *pro se* litigants are required to follow the rules of civil procedure).

Instead of recommending dismissal, the Court will allow Plaintiff an opportunity to amend his Complaint in light of his pro se status. In his amended complaint, Plaintiff shall provide a short and plain statement of the relevant facts supporting his claims. *See* Fed. R. Civ. P. 8(a). Plaintiff's amended complaint should provide, to the extent applicable, the following details:

a) the names and titles of all [defendants if known];

b) . . . all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) . . . the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) . . . the location where each relevant event occurred;

e) . . . how each defendant's acts or omissions violated Plaintiff's rights and . . . the injuries Plaintiff suffered; and

f) . . . what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

*Polite v. VIP Cmty. Servs.*, No. 20-CV-7631, 2020 WL 6064297, at *3 (S.D.N.Y. Oct. 13, 2020). "Because Plaintiff's amended complaint will completely replace, not supplement, the original

7

complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Id*.; *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot incorporate the original complaint by reference). Plaintiff **SHALL** file his amended complaint on or before **July 10, 2026.**

      **IT IS SO ORDERED.**

               ENTER:

               Debra C. Poplin
               United States Magistrate Judge