UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DECARLO A GARNER, JR., Plaintiff, | ) | |
| v. | ) | No. 3:25-CV-508-CEA-DCP |
| THE FEDERAL GOVERNMENT, *et al.*, Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 1] and his Complaint [Doc. 2]. For the reasons more fully stated below, the Court **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 1**]. The Court will therefore allow Plaintiff to file his Complaint without the prepayment of costs. The Court, however, **RECOMMENDS** that the District Judge dismiss Plaintiff's Complaint.

## I. DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application [Doc. 1] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must

show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has little income and several liabilities and expenses. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATIONS AFTER SCREENING THE COMPLAINT

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915.[1] To accomplish this end, the Court must evaluate the litigant's indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive an initial review, a complaint "must contain sufficient

[1] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. The district court, however, must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff generally names the "Federal Government" and later names "Federal Officers of the Eastern District of Tennessee 6 (unknown)" [Doc. 2 p. 3]. His Complaint consists of eleven pages [*See* Doc. 2]. The Complaint appears to set forth a variety of individual claims against different parties that are based on separate events with no common tie. Plaintiff first claims that "[t]here was [a] federal security guard who on Sept[.] 15 . . . violated my privacy of information act[] [b]y asking question[]s that violates my rights to privacy on 17th and 18th of September by turning my phone back[] on after I turned it off" [*Id.* at 4].

Next, he alleges that on several dates after mailing documents or packages, he "never received an email stating that [his] packages [were] delivered by Fed[E]x Shipping Center" [*Id.* at 6]. He asked a clerk for "a grievance document" and later a "breach of contract motion" but was

told that the clerk's office did not have those documents [*Id.*]. Plaintiff further claims that on August 15, he mailed documents to the Department of Justice, but he never received notification by FedEx that it delivered his documents [*Id.* at 6]. He states that he "will be suing for mail fraud and mail theft as well [as] c[yb]er crimes" [*Id.* at 7].

Lastly, Plaintiff alleges that he "called and left messages about housing voucher[s] and other program[s]" offered by the Knoxville's Community Development Corporation ("KCDC"), noting that "the office displayed discrimination towards [him] when [he] went to both offices back [on] August 6, 7 and Oct[.] 13th" and that "[Michael] Hodges . . . acted racist and prejudice towards [him] when [he] asked about [his] application for Section 8 Housing voucher" [*Id.* at 8–10].[2]

Plaintiff states that he seeks "disciplinary action for the federal officer[] that violated [his] right[]s to privacy;" that he "will be suing for mail fraud and mail theft as well [as] [cybercrimes] going into [his] computer and changing [information] without [his] consent;" and that he [will be filing [a] lawsuit for discrimination and communication theft as well as bigotry" [*Id.* at 5, 7 9].

**B. Screening of the Complaint**

On June 10, 2026, the Court entered an order noting several issues with the Complaint [Doc. 7]. At the outset, the Court explained:

> A review of the Complaint reveals that Plaintiff alleges distinct acts committed by unrelated parties at different times and places. The undersigned cannot discern any single, coherent connection between these various claims that would tie them together in any way. Without some further articulation of a unifying thread connecting these claims, the joinder of them in a single lawsuit is inappropriate under Rule 20 given the varied proofs and defendants that will be associated with the different claims. While "the requirements of prescribed by Rule 20(a) are to liberally construed in the interest of

---

[2] While Plaintiff does not specifically name FedEx or KCDC as defendants, he includes two addresses for FedEx office as well as an address for KCDC at the end of his Complaint [Doc. 2 p. 11].

> convenience and judicial economy[,] . . . Rule 20 is not a license to join unrelated claims and defendants in one lawsuit" *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (quoting *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, *4 (D.N.J. 2008)); *see also Brown v. Chambers-Smith*, No. 1:24-CV-690, 2025 WL 1833132, at *3 (S.D. Ohio July 3, 2025) ("[D]iscrete events involving different parties have no bearing on one another and cannot be grounds on which to join parties.").

[Doc. 7 p. 4].

The Court instructed that further articulation of a "unifying thread" was needed to make joinder of the claims appropriate under Rule 20 [*Id.*]. With respect to the improperly joined claims, the Court explained,

> [T]o the extent Plaintiff is attempting to assert a housing discrimination claim, his general claims of discrimination and bigotry are insufficient to establish a prima facie case of disparate treatment based on race. To demonstrate a plausible federal housing discrimination claim, a plaintiff must "make out a prima facie case by showing '(1) that he or she is a member of a racial minority, (2) that he or she applied for and was qualified to rent or purchase certain property or housing, (3) that he or she was rejected, and (4) that the housing or rental property remained available thereafter.'" *Lindsay v. Yates*, 498 F.3d 434, 438–39 (6th Cir. 2007) (citing *Mencer v. Princeton Square Apts.*, 228 F.3d 631, 634–35 (6th Cir. 2000)).
>
> Further, to the extent Plaintiff seeks to bring any federal criminal charges for mail fraud, mail theft, or cybercrimes under statutes not providing a right to civil relief through the initiation of a private action, his efforts are misplaced. *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308–09 (6th Cir. 2004) ("[A] private citizen . . . has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts.").

[Doc. 7 pp. 6–7].

The Court also noted deficiencies related to what appears to be the focus of his Complaint—an alleged violation of privacy by a federal court security officer—whom he does not

name, but, instead, names the Federal Government as a Defendant [Doc. 2 pp. 1–5]. The Court explained:

> "[T]o the extent [Plaintiff] sues the United States, his suit [may be] barred by sovereign immunity." *Miller v. Fed. Gov't*, No. 1:13-CV-967, 2013 WL 5329758, at *2 (W.D. Mich. Sept. 23, 2013). The Sixth Circuit has provided that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Gao v. Jenifer*, 185 F.3d 548, 544 (6th Cir. 1999) (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 259 (1999); *see Richards v. F.B.I.*, No. 1:12-cv-1027, 2012 WL 5386563, at *2 (W.D. Mich. Nov. 1, 2012) (quoting *Gao* for same). "A waiver of sovereign immunity must be strictly construed in favor of the sovereign." *Richards*, 2012 WL 5386563, at *2 (citing *Gao*, 185 F.3d at 544)). Furthermore, "a waiver of sovereign immunity must also be 'unequivocally expressed' in the statutory text." *Id.* Here, Plaintiff has neither identified a specific governmental entity he is attempting to sue nor a waiver of sovereign immunity for his claim. Further, while he names "6 (unknown)" individuals who he contends are "federal officers of the Eastern [D]istrict of Tennessee" [Doc. 2 p. 3], he includes no allegations of how each officer was personally involved in the activities form the basis of his claim. "A complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights to state a § 1983 claim." *Frazier v. Mich.*, 41 F. App'x 762, 764 (6th Cir. 2002).
>
> Specifically, a claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right, or in a *Bivens*[3] context for actions of a federal officer. 42 U.S.C. § 1983. As the Sixth Circuit has explained, courts analyze "*Bivens* and § 1983 actions under the same legal principals, except for the requirement of federal action under *Bivens* and state action under § 1983." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). "A plaintiff must prove two elements to prevail on either type of claim: (1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Id.* As previously noted, Plaintiff does not identify the employing

[3] "A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials." *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999), *overruled on other grounds, Castellano v. Fragozo*, 352 F.3d 939, 948–49 & n.36 (5th Cir. 2003).

> agency of the court security officer[4] nor does he identify the alleged actions of the six unknown officers that would allow a proper analysis of his claim. Moreover, Plaintiff seeks disciplinary action against the court security officer but cites no supporting authority for that proposition.

[Doc. 7 pp. 4–6].

Instead of recommending dismissal, the Court allowed Plaintiff leave to file an amended Complaint by July 10, 2026 [*Id*. at 7]. Plaintiff did not file an amended Complaint. The undersigned therefore recommends dismissal of this case for the reasons explained above and in the Court's Order [Doc. 7].

### C. Amendment

The Court has already allowed Plaintiff to file an amended Complaint to address the deficiencies. He chose not to file one, and the undersigned does not discern any reason to allow further opportunity to do so.

Further, the undersigned notes that Plaintiff has filed nine complaints in this Court since September 12, 2025, three of which have been dismissed [*see Garner v. Spitzer*, No. 3:25-cv-443, [Doc. 15] (E.D. Tenn. May 5, 2026) (dismissing complaint *sua sponte* after failure to file amended complaint); *Garner v. SL Tennessee, LLC*, No. 3:25-cv-451, 2026 WL 1967061 (E.D. Tenn. July 7, 2026) (dismissing complaint *sua sponte* at the initial screening process); and *Garner v. Magna Int'l*, No. 3:26-cv-224 [Doc. 10] (E.D. Tenn. July 13, 2026) (dismissing complaint *sua sponte* after failure to file amended complaint)]. Plaintiff's other complaints remain pending before this Court.

---

4 Plaintiff does not identify whether the court security officer is a governmental or private entity employee. *See Buell ex rel. Buell v. Bruiser Ken*, No. 97 CV 1131, 1999 WL 390642, at *4 (E.D.N.Y. Mar. 31, 1999) ("The Special Deputy Marshals, also known as Court Security Officers, are not federal agents themselves, but employees of private security firms who are deputized by the Director of the United States Marshals Service to provide courtroom security for the Federal judiciary and to perform the functions of a Deputy U.S. Marshal." (*citing* 28 C.F.R. § 0.112)).

Because a pattern of repetitive, vexatious, or frivolous litigation is an abuse of the legal process, this may warrant a review of whether a filing injunction is appropriate. *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("[A] plaintiff's duplicative complaint is an abuse of the judicial process."); *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) ("When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process.").

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 1**]. But no process shall issue until the District Judge has ruled upon this Report and Recommendation[5] because the undersigned **RECOMMENDS**[6] that the Complaint [Doc. 2] be **DISMISSED** in its entirety.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

[5] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[6] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).